**MOORE, Plaintiff v POLAKIEWICZ, Defendant.**

Common Pleas Court, Delaware County.

No. 13744. Decided May 28, 1943.

F. M. Marriott, Delaware, for plaintiff.

T. E. McNamara, Cleveland, and E. M. Wickham, Delaware, for defendant.

LEACH, J., of the Court of Common Pleas of Franklin County, sitting by designation.

## OPINION

By LEACH, J.

This action grew out of an automobile collision between automobiles driven respectively by the plaintiff and defendant. The plaintiff filed a petition seeking damages alleged to have been caused to his automobile by claimed negligence on the part of the defendant. The defendant filed a counter-claim seeking damages for personal injuries claimed to have been received by him on account of the alleged negligence of the plaintiff.

The case was tried to a jury and three forms of verdict were submitted; the first being the applicable form if the jury should find for the plaintiff against the defendant; the second being the applicable form in the event the jury should find in favor of the defendant on his counter-claim; and the third being a simple finding for the defendant and being the applicable form in case the jury should find against both parties on their respective affirmative claims. The jury found for the defendant generally. No motion for new trial has been filed. A form of journal entry has been submitted to the court by the defendant in which the defendant is to recover from the plaintiff his costs herein expended.

Certain depositions were taken by the defendant, the witnesses being physicians and the sole purpose of said depositions being to establish the nature and extent of the personal injuries claimed to have been suffered by the defendant. The plaintiff objects to the inclusion of the costs of these depositions in the costs to be recovered by the defendant from the plaintiff. The defendant and his counsel claim that such recovery is authorized by statute, §§11624 to §11627, and cite **Gordon v Steinmetz, 71 Oh St 372**, and **Users and Dealers Oil Co. v Pure Oil Co., 60 Oh Ap 507** in support of defendant's position. In the latter case the syllabus is as follows:

"Where defendant in an action files a counter-claim and the jury returns a verdict of no cause of action against both plaintiff and defendant, the judgment on the whole case being in favor of

defendant, he is entitled under §11627 **GC,** to judgment against plaintiff for all costs of the suit including costs of the jury."

In the opinion the court say:

"**Sections 11,624** and **11627, GC,** contemplate that a defendant in an action brought against him for the recovery of money only may interpose any defense he may have to such action, and also set up any counter-claim or set-off he may have thereto, and that there shall be separate findings on the cause of action of the plaintiff and the counter-claim or set-off of the defendant, but only one judgment and that in favor of the party prevailing on the whole case; and in event there is a judgment in favor of plaintiff in such action costs shall be allowed plaintiff as a matter of right; and on the other hand, if there is a judgment in favor of defendant in such action, whether by reason of a finding against plaintiff on his cause of action or by reason of a finding that the counter-claim or set-off of the defendant equals or exceeds in amount the finding on the cause of action of the plaintiff, or by reason of the fact of a finding against plaintiff on his cause of action and a smiliar finding against the defendant on his counter-claim or set-off the defendant is allowed costs as a matter of right. **Gordon v Steinmetz, 71 Oh St 372, 73 N. E. 512.**

"In the instant case there was a finding against plaintiff on its cause of action and a finding against the defendant on its counter-claim or set-off and therefore on the whole of the case the judgment in the case was in favor of the defendant. The judgment being in favor of the defendant, it was, under the provisions of §11627 **GC,** above mentioned, entitled to have judgment against plaintiff for all the costs in the case including costs of the jury."

We think that the effect of the case of **Gordon v Steinmetz** was correctly summarized in the above opinion by the Court of Appeals. **Gordon v Steinmetz** was decided by the Supreme Court January 1, 1905. At that time Section 551 of the Code of Civil Procedure (5348 Revised Statutes) was as follows:

"Where it is not otherwise provided by this and other statutes costs shall be allowed of course to the plaintiff upon a judgment in his favor in actions for the recovery of money only or for the recovery of specific real or personal property."

Section 552 of the Code of Civil Procedure (Section 5349 R. S.) provided:

"If it shall appear that a Justice of the Peace has jurisdiction of an action and the same has been brought in any other court and the judgment is less than one hundred dollars, unless recovery be

reduced below that sum by counter-claim or set-off, each party shall pay his own costs; and in all actions for libel, slander, malicious prosecution, assault, assault and battery, false imprisonment, criminal conversation, or seduction, actions for nuisance, or against a Justice of the Peace for misconduct in office, when the damage assessed is under five dollars the plaintiff shall not recover costs."

Section 553 (Section 5350 R. S.) provided:

"Costs shall be allowed, of course, to any defendant, upon a judgment in his favor in the actions mentioned in the last two sections."

At the time of the decision of the case of **Gordon v Steinmetz,** Section 551 of the Code of Civil Procedure (Section 5348 Revised Statutes) and which is now carried into the General Code as §11624, was one of the two preceding sections mentioned in Section 553 of the Code of Civil Procedure (Section 5350 R. S.), and which is now §11627 GC, and said latter section clearly carried costs, of course, to the defendant upon a judgment in his favor in an action mentioned in either of the two preceding sections, the first of which covered actions for the recovery of money only.

However, by codification embraced in the Act of Revision and Consolidation of February, 1910, old Section 552 of the Code of Civil Procedure (Section 5349 Revised Statutes) was split into two sections, the same now appearing as §§11625 and 11626 GC. It follows therefore that §11624 is no longer one of the "next two preceding sections" mentioned in the present §11627 GC.

**Section 11627** is followed by §11628 GC which provides:

"In other actions the court may award and tax costs and apportion them between the parties on the same or adverse sides as it adjudges to be right and equitable."

Whether in the case at bar §11628 is the controlling and applicable section and whether the court has power to apportion the costs between the parties as it adjudges to be right and equitable depends upon the construction to be given to the effect of the recodification act. Should the construction thereof be the same as prior to the recodification, in spite of the separation of one of the sections therein into two sections, or should §11627 GC no longer be regarded as referring to §11624 as one of the two preceding sections. Speaking with regard to a previous revision of the statutes, Spear, J in **State v Toney,** 81 Oh St at pages 139 and 140 said:

"Nor is it accurate to treat the change in the statute as the work of the Codifying Commission. Their codification was submitted to, considered by, and adopted by the law-making body of

the State. the General Assembly. It should not receive any less respect because the change may have been recommended by three commissioners learned in the law instead of being proposed in the first instance by some single member of the General Assembly, and after all is said the enactment receives its vigor and force as law by reason of its enactment by the General Assembly no matter from what source the inspiration came."

In the case of **State of Ohio v Williams, 104 Oh St 232,** the first syllabus is as follows:

"Although, where the general statutes of the state have undergone 'revision and consolidation' by codification, there is a presumption that the construction thereof should be the same as prior thereto, yet where the language of the revised section is plain and unambiguous, it is the duty of the court to give it the effect required by the plain, ordinary signification of the words used whatever may have been the language of the prior statute."

In the case of **State of Ohio v Hollenbacher, 101 Oh St 478,** the second syllabus is as follows:

"The enactment by the legislature of the General Code in the act to revise and consolidate the general statutes of Ohio, passed February 14, 1910, gave to the statutes included therein the authority of an original enactment."

No claim can be made that the language of §11627: "the next two preceding sections" is ambiguous. It is clear then that the next two preceding sections relate to what is now §§11625 and 11626 of the present code and it is equally clear that the case at bar is not an action mentioned in either of said §§11625 or 11626. It must follow then that this is one of the "other actions" mentioned in §11628 GC where "the court may award and tax costs and apportion them between the parties upon the same or adverse sides as it adjudges to be right and equitable."

The Court of Appeals for Allen County, in the case of **Users and Dealers Oil Co. v Pure Oil Co, supra,** apparently overlooked or did not have called to its attention the splitting up of old Section 5349 Revised Statutes into two new sections.

In the case of **Joseph v Larkworthy,** decided in 1913, since the adoption of the General Code, in an automobile negligence case in which the plaintiff sought to recover by reason of alleged negligence of the defendant and in which the defendant by way of counter-claim asked damages for the alleged negligence of the plaintiff, Judge Foran, then of the Cuyahoga County Common Pleas Court assumed the power to act in assessing the costs under §11628, but did not, however, discuss the source of his power but dismissed

the petition or statement of claim of the plaintiff and the statement of defense and counter-claim of the defendant and ordered that each pay one-half of the costs. The case, however, came into his court on error from the Municipal Court.

In the case of Oberlin v Thomas, decided by the Court of Appeals of the Sixth District, 7 Abs 686, the jury returned a general verdict finding that neither party was entitled to recover damages from the other in an automobile collision case and the following is quoted from the opinion:

"We find no error in the judgment assessing all of the costs against the plaintiff. It was an action at law in which the right to costs is controlled by statute, and the evidence does not disclose that any costs were made exclusively in seeking to maintain the cross-petition and as the plaintiff failed the costs were properly assessed against him."

This is not a very extensive discussion of the question and just what the ruling of the court would have been had it been shown that a part of the costs "were made exclusively in seeking to maintain the cross-petition," does not appear but there seems to be an implication that had such evidence appeared a different ruling might have been made.

In this case it does appear that the costs of taking the depositions by the defendant to establish the nature and extent of the defendant's injuries were exclusively for the purpose of maintaining the counter-claim. They had no value as defensive matter. On the other hand witnesses called by the defendant to testify as to how the accident happened, etc., were defensive witnesses as well as witnesses used for the purpose of seeking to establish the counter-claim and it would have been necessary for the defendant to have called them whether or not he had filed any counter-claim. The court adjudges it to be right and equitable that all of the costs of the case should be assessed against the plaintiff, except the costs of the depositions taken by the defendant for the exclusive purpose of seeking to maintain his counter-claim, and the witness fees of one doctor called by the defendant for the same purpose.

An entry may be drawn accordingly. Exceptions may be noted.